ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :

            -v.-                     :

SELIM ZHERKA,                        :          **INDICTMENT**
 a/k/a "Sam Zherka,"
 a/k/a "Sammy Zherka,"               :          **S1 14 Cr. 545 (CS)**

            Defendant.              :

- - - - - - - - - - - - - - - - - - - - x

### COUNTS ONE THROUGH FIVE

### (False Loan Applications — The New England Apartments)

The Grand Jury charges:

1.  At all times relevant herein, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, was a businessman based in Westchester County, New York, who bought and sold commercial real estate, and who owned and operated one or more night clubs featuring adult entertainment.

2.  At all times relevant herein, North Fork Bank ("North Fork") was a financial institution, as defined by Title 18, United States Code, Section 20, the accounts of which were insured by the Federal Deposit Insurance Corporation. On or about December 1, 2006, North Fork was acquired by Capital One N.A., which, at all times relevant to this Indictment, was a financial institution, as defined by Title 18, United States Code, Section

20, the accounts of which were insured by the Federal Deposit Insurance Corporation.

3. During the period 2005 through 2008, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, and his associates applied to North Fork for commercial loans to finance their purchase of several New England apartment house complexes. In connection with their applications for those loans, ZHERKA and his associates submitted fraudulent contracts to North Fork wherein they grossly inflated the purchase price of the real estate they were acquiring and also grossly exaggerated to North Fork the amount of the downpayments they were making towards the purchases in question.

4. On or about the dates set forth below, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, knowingly made false statements and reports, for the purpose of influencing in any way the action of an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, upon an application, advance, purchase, purchase agreement, commitment, and loan, namely, ZHERKA made, and aided and abetted others to make, the following false statements to North Fork in order to obtain the following loans from North Fork, as set forth below:

| Count | Purpose of Loan | Loan Amount | Date | False Statements to North Fork |
|---|---|---|---|---|
| 1 | to finance acquisition of Ridgegate Apartments, Waterbury Connecticut | $5.4 million | 2/27/06 | ZHERKA falsely represented that the purchase price was $7.2 million, when, as he well knew, it was $5.280 million; ZHERKA grossly exaggerated the amount of the down payment he was making towards the purchase price. |
| 2 | to finance acquisition of Farmington Hills Apartments, New Britain, Connecticut | $13 million | 7/31/06 | ZHERKA falsely represented that the purchase price was $17.5 million, when, as he well knew, it was $13.5 million; ZHERKA grossly exaggerated the amount of the down payment he was making towards the purchase price. |
| 3 | to finance acquisition of City Vue I, City Vue II, Concord, and Patton Apartments, Springfield, Massachusetts | $10.125 million | 6/21/07 | ZHERKA falsely represented that the purchase price was $13.5 million, when, as he well knew, it was $9.7 million; ZHERKA grossly exaggerated the amount of the down payment he was making towards the purchase price. |

| 4 | to finance acquisition of New Colony Court Apartments, Springfield, Massachusetts | $2.625 million | 10/31/07 | ZHERKA falsely represented that the purchase price was $3.5 million, when, as he well knew, it was $3.050 million; ZHERKA grossly exaggerated the amount of the down payment he was making towards the purchase price. |
| 5 | to finance acquisition of Marshall Apartments, Hartford, Connecticut | $5.3625 million | 2/28/08 | ZHERKA falsely represented that the purchase price was $7.15 million, when, as he well knew, it was $5.75 million; ZHERKA grossly exaggerated the amount of the down payment he was making towards the purchase price. |

(Title 18, United States Code, Sections 1014 and 2.)

## COUNT SIX

### (False Loan Application – The Tennessee Apartments)

The Grand Jury further charges:

5.   The allegations of paragraph 1 are incorporated by reference as though fully set forth herein.

6.   At all times relevant herein, Sovereign Bank ("Sovereign") was a financial institution, as defined by Title 18, United States Code, Section 20, the accounts of which were insured by the Federal Deposit Insurance Corporation.

4

7.   In or about 1996, a businessman ("the businessman")
filed a lawsuit against SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a
"Sammy Zherka," the defendant.   In his complaint in that lawsuit,
the businessman alleged that:  a) ZHERKA had contracted to buy
from him his ownership interest in a Manhattan nightclub; b)
ZHERKA had failed to pay him in full under the contract; and c) on
or about April 12, 1996, ZHERKA and others brutally assaulted him
in the nightclub's basement offices.   On or about July 15, 2000,
after the case was tried before a jury, the businessman won a
judgment against ZHERKA wherein he was awarded damages both for
ZHERKA's breach of his contract with him and for ZHERKA's assault
and battery upon him ("the New York State Judgment").   To date,
ZHERKA has never paid the New York State Judgment.

8.   During 2007, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a
"Sammy Zherka," the defendant, and his associates applied to
Sovereign for a package of commercial loans totaling $63.5 million
to finance their purchase of several Tennessee apartment house
complexes ("the Tennessee Apartments").   In connection with their
application for those loans, ZHERKA and his associates submitted a
fraudulent contract to Sovereign wherein they grossly inflated the
purchase price of the real estate they were acquiring and also
grossly exaggerated to Sovereign the amount of the downpayments

they were making towards the purchases in question.  In connection with the same loan application ZHERKA lied to Sovereign about his assets, his income, his income tax returns, and the New York State Judgment.

   9.  From in or about January 2007, through on or about April 24, 2007, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, knowingly made false statements and reports, for the purpose of influencing in any way the action of an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, upon an application, advance, purchase, purchase agreement, commitment, and loan, namely, ZHERKA made, and aided and abetted others to make, the following false statements to Sovereign in order to obtain the loan package for the acquisition of the Tennessee Apartments, as set forth below:

   a)  ZHERKA represented to Sovereign that the total purchase price of ten of the Tennessee Apartments was approximately $77 million, when, in fact it was approximately $66 million.

   b)  ZHERKA grossly exaggerated the amount of the downpayment he was making towards the purchase price of the Tennessee Apartments.

  c) When asked by Sovereign officials to explain
the New York State Judgment, ZHERKA stated that: "[the judgment
creditor] was at my establishment, got drunk, left, [sic] my
establishment and was severely hurt.  I was sued, and he received
a judgment in this amount.  I clearly had nothing to do with it,
but the jury thought that my establishment namely my employees
should have been more responsible, and not allowed it to happen."

  d) ZHERKA submitted and caused to be submitted to
Sovereign statements of his assets on which he claimed that he
owned a 100% interest in the Farmington Hills Apartments valued at
$11 million, when, as ZHERKA well knew, he owned only a 50%
interest in the complex valued at approximately $5.6 million.

  e) ZHERKA submitted and caused to be submitted to
Sovereign statements of his assets on which he claimed that he
owned a 100% interest in the Ridgegate Apartments valued at
between $2.6 million and $3 million, when, as ZHERKA well knew, he
had no ownership interest in the property because he had sold the
complex in August 2006.

  f) ZHERKA submitted to Sovereign a statement of
his assets on which he claimed that he owned a 25% interest in the
Bunker Hill Woods Apartments on Eastern Avenue in Waterbury,
Connecticut valued at $400,000, when, as ZHERKA well knew, he had

no ownership interest in the property because on January 16, 2007
he had "[f]or One Dollar ($1.00) and other good and valuable and
good consideration" relinquished all interest in that complex.

g)   ZHERKA submitted and caused to be submitted to
Sovereign statements of his assets on which he claimed that he
owned a 100% interest in a "retail, cabaret" business located at
20 West 20th Street, New York, New York valued at $10 million,
when, as ZHERKA well knew, he owned only a 73% interest in that
business in 2006 and a 50% interest in it in 2007.

h)   ZHERKA submitted and caused to be submitted to
Sovereign an IRS Form 1040 for 2004 with the understanding that
the return he had provided was the same as or substantially
similar to the one he had filed with the Internal Revenue Service
("IRS") for the 2004 year, when in fact it was substantially
different from the return he initially filed with the IRS for that
year in that he reported far less total income on the return he
initially filed with the IRS than on the return he submitted to
the bank.

i)   ZHERKA submitted to Sovereign an IRS Form 1040
for 2005 with the understanding that the return he had provided
was the same as or substantially similar to the one he had filed
with the Internal Revenue Service ("IRS") for the 2005 year, when

12.    From in or about November 2007, through on or about
May 23, 2008, in the Southern District of New York and elsewhere,
SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the
defendant, knowingly made false statements and reports, for the
purpose of influencing in any way the action of an institution the
accounts of which were insured by the Federal Deposit Insurance
Corporation, upon an application, advance, purchase, purchase
agreement, commitment, and loan, namely, ZHERKA made, and aided
and abetted others to make, the following false statements to
Sovereign in order to obtain a loan to refinance an outstanding
loan on Lodge North, as set forth below:

a)    ZHERKA submitted and caused to be submitted to
Sovereign a statement of his assets on which he claimed that he
owned a 100% interest in the Farmington Hills Apartments valued at
$7.5 million when, as ZHERKA well knew, he owned only a 50%
interest in the complex valued at approximately $3.75 million.

b)    ZHERKA submitted and caused to be submitted to
Sovereign a statement of his assets on which he claimed that he
owned a 100% interest in the Pheason [sic] Run Apartments,
Hendersonville, Tennessee, valued at $2.7 million when, as ZHERKA
well knew, he owned only a 35% interest in the complex valued at
approximately $945 thousand.

c)    ZHERKA submitted and caused to be submitted to Sovereign a statement of his assets on which he claimed that he owned a 100% interest in Lodge North valued at $4.7 million when, as ZHERKA well knew, he owned only a 35% interest in the complex valued at approximately $1.645 million.

d) ZHERKA submitted and caused to be submitted to Sovereign a statement of his assets on which he claimed that he owned a 100% interest in the New Colony Court Apartments valued at $1.15 million when, as ZHERKA well knew, he owned only a 50% interest in the complex valued at approximately $575 thousand.

e) ZHERKA submitted and caused to be submitted to Sovereign a statement of assets on which he claimed that he owned a 100% interest in a retail establishment at 20 West 20th Street in New York City when, as ZHERKA well knew, he owned only a 50% interest in that establishment.

f) ZHERKA further claimed on the same statement of assets in subparagraph e) above that the aforementioned retail establishment had yearly gross income of $11 million when, as ZHERKA well knew, it had yearly gross income of only $3.7 million.

(Title 18, United States Code, Sections 1014 and 2.)

**COUNT EIGHT**

**(Conspiracy to Obstruct IRS and Violate Tax Laws)**

The Grand Jury further charges:

13.  The allegations of paragraphs 1 through 12 above are incorporated by reference as though fully set forth herein.

**Statutory Allegations**

14.  From in or about December 2005, through on or about at least April 27, 2011, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, together with others known and unknown to the Grand Jury, willfully and knowingly did combine, conspire, confederate, and agree together to defraud the United States and an agency thereof, to wit, the Internal Revenue Service of the United States Department of Treasury, and to commit offenses against the United States, to wit, violations of Title 26, United States Code, Sections 7206(1) and 7206(2).

**Objects of the Conspiracy**

15.  It was a part and an object of the conspiracy that, during the period from in or about December 2005, through and including at least August 12, 2012, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, and others known and unknown, willfully and knowingly would and did defraud the United

12

States of America and the IRS by impeding, impairing, defeating and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment, and collection of income taxes.

16.   It was further a part and object of the conspiracy that, during the period from in or about December 2005 through and including at least April 27, 2011, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, and others known and unknown, willfully and knowingly would and did make and subscribe certain Individual U.S. Income Tax Returns (IRS Forms 1040), and U.S. Partnership Returns (IRS Forms 1065) for the tax years 2006, 2007, 2008, 2009, and 2010, which returns contained and were verified by written declarations that they were made under the penalties of perjury, and which the defendant and others did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

17.   It was further a part and object of the conspiracy that during the period from in or about December 2005 through and including at least April 27, 2011, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, and others known and unknown, willfully and knowingly would and did aid and assist in,

13

and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a return, affidavit, claim, and other document, which was fraudulent and false as to a material matter, in violation of Title 26, United States Code, Section 7206(2).

### Means and Methods of the Conspiracy

18.   The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

a.   the defendant caused the preparation and filing of tax returns that substantially overstated the cost bases of, and substantially understated capital gains on the sales of, the Ridgegate, City Vue I, City Vue II, Concord, and Patton Apartments; and

b.   the defendant caused the preparation and filing of tax returns that substantially overstated the cost bases of and the depreciation expense with respect to the aforesaid apartment house complexes and the Farmington Hill Apartments, and consequently overstated losses or understated profits from the operation of all of the aforesaid apartment house complexes.

### Overt Acts

19.   In furtherance of said conspiracy and to effect the objects thereof, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy

14

Zherka," the defendant, and others known and unknown, committed the following overt acts in the Southern District of New York and elsewhere:

a.   On or about October 7, 2008, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, filed a false U.S. Return of Partnership Income (IRS Form 1065) for Farmington Hills 06, LLC for the 2007 tax year, wherein he substantially overstated the cost basis of, and the depreciation expense with respect to, the Farmington Hills Apartments.

b.   On or about December 14, 2009, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, filed a false U.S. Return of Partnership Income (IRS Form 1065) for Farmington Hills 06, LLC for the 2008 tax year, wherein he substantially overstated the cost basis of, and the depreciation expense with respect to, the Farmington Hills Apartments.

c.   On or about August 28, 2012, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, filed a false Individual Tax Return (IRS Form 1040) for the 2010 tax year, wherein he overstated his Schedule E loss from the operation of Farmington Hills 06, LLC, to the extent that the depreciation expense in connection with that concern was based on an inflated cost basis and was thus overstated.

15

d.    On or about September 8, 2008, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, filed false U.S. Returns of Partnership Income (IRS Forms 1065) for Springfield I-07, LLC; Springfield II-07, LLC; Springfield III-07, LLC; and Springfield IV-07, LLC, for the 2007 tax year, wherein he substantially overstated the cost basis of, and the depreciation expense with respect to, the City Vue I, City Vue II, Concord, and Patton Apartments.

e.    On or about November 16, 2009, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, filed false U.S. Returns of Partnership Income (IRS Forms 1065) for Springfield I-07, LLC; Springfield II-07, LLC; and Springfield III-07, LLC for the 2008 tax year, wherein he substantially overstated the cost basis of, and substantially understated the capital gains on the sales of, the City Vue I, City Vue II, and Concord Apartments.

(Title 18, United States Code, Section 371.)

## COUNTS NINE THROUGH EIGHTEEN

### (Making/Subscribing False Tax Returns)

The Grand Jury further charges:

20.    The allegations of paragraphs 1 through 12 above are incorporated by reference as though fully set forth herein.

16

21. On or about the dates set forth below, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, willfully and knowingly did make and subscribe to false U.S. Returns of Partnership Interest (IRS Forms 1065) for the entities and tax years set forth below, which returns contained and were verified by written declarations that they were made under penalties of perjury, and which returns ZHERKA did not believe to be true and correct as to every material matter:

| Count | Date | Entity | Tax Year | False Statement(s) |
|-------|------|--------|----------|--------------------|
| 9 | 10/07/08 | Farmington Hills 06, LLC | 2007 | ZHERKA understated the income and overstated the loss from the operation of the entity, to the extent that the depreciation expense in connection with the Farmington Hills Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| 10 | 12/14/09 | Farmington Hills 06, LLC | 2008 | ZHERKA overstated the loss from the operation of the entity, to the extent that the depreciation expense in connection with the Farmington Hills Apartments was based on an inflated cost basis and was thus overstated, on the return. |

17

| 11 | 9/8/08 | Springfield I-07, LLC | 2007 | ZHERKA overstated the loss from the operation of the entity, to the extent that the depreciation expense in connection with the City Vue I Apartments was based on an inflated cost basis and was thus overstated, on the return. |
|----|--------|-----------------------|------|--------------------------------------------------------|
| 12 | 9/8/08 | Springfield II-07, LLC | 2007 | ZHERKA understated the income from the operation of the entity, to the extent that the depreciation expense in connection with the City Vue II Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| 13 | 9/8/08 | Springfield III-07, LLC | 2007 | ZHERKA understated the income from the operation of the entity, to the extent that the depreciation expense in connection with the Concord Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| 14 | 9/8/08 | Springfield IV-07, LLC | 2007 | ZHERKA understated the income from the operation of the entity, to the extent that the depreciation expense in connection with the Patton Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| 15 | 11/16/09 | Springfield I-07, LLC | 2008 | ZHERKA overstated the cost basis of, and understated the capital gain on the sale of, the City Vue I Apartments, on the return. |

| 16 | 11/16/09 | Springfield II-07, LLC | 2008 | ZHERKA overstated the cost basis of, and understated the capital gain on the sale of, the City Vue II Apartments, on the return. |
| 17 | 11/16/09 | Springfield III-07, LLC | 2008 | ZHERKA overstated the cost basis of, and understated the capital gain on the sale of, the Concord Apartments, on the return. |
| 18 | 04/27/10 | Springfield IV-07, LLC | 2010 | ZHERKA overstated the cost basis of, and understated the capital gain on the sale of, the Patton Apartments, on the return. |

(Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.)

## COUNTS NINETEEN THROUGH TWENTY-EIGHT

### (Aiding/Assisting Preparation of False Tax Returns)

The Grand Jury further charges:

22.   The allegations of paragraphs 1 through 12 above are incorporated by reference as though fully set forth herein.

23.   On or about the dates set forth below, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, willfully and knowingly did aid and assist in, and procure, counsel, and advise the preparation and presentation under, the internal revenue laws, returns, affidavits, claims, and other documents, namely, the tax

19

returns set forth below, which returns were fraudulent and false

as to material matters:

| Count | Date | Entity | Tax Year | False Statement(s) |
|-------|------|--------|----------|--------------------|
| **19** | 10/7/08 | Farmington Hills 06, LLC | 2007 | The loss from the operation of the entity was overstated and the income understated, to the extent that the depreciation expense in connection with the Farmington Hills Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| **20** | 12/14/09 | Farmington Hills 06, LLC | 2008 | The loss from the operation of the entity was overstated, to the extent that the depreciation expense in connection with the Farmington Hills Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| **21** | 9/8/08 | Springfield I-07, LLC | 2007 | The loss from the operation of the entity was overstated, to the extent that the depreciation expense in connection with the City Vue I Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| **22** | 9/8/08 | Springfield II-07, LLC | 2007 | The income from the operation of the entity was understated, to the extent that the depreciation expense in connection with the City Vue II Apartments was based on an inflated cost basis and was thus overstated, on the return. |

| 23 | 9/8/08 | Springfield III-07, LLC | 2007 | The income from the operation of the entity was understated, to the extent that the depreciation expense in connection with the Concord Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| --- | --- | --- | --- | --- |
| 24 | 9/8/08 | Springfield IV-07, LLC | 2007 | The income from the operation of the entity was understated, to the extent that the depreciation expense in connection with the Patton Apartments was based on an inflated cost basis and was thus overstated, on the return. |
| 25 | 11/16/09 | Springfield I-07, LLC | 2008 | The cost basis of the City Vue I Apartments was overstated, and, consequently, the capital gain on the sale of those apartments was understated, on the return. |
| 26 | 11/16/09 | Springfield II-07, LLC | 2008 | The cost basis of the City Vue II Apartments was overstated, and, consequently, the capital gain on the sale of those apartments was understated, on the return. |
| 27 | 11/16/09 | Springfield III-07, LLC | 2008 | The cost basis of the Concord Apartments was overstated, and, consequently, the capital gain on the sale of those apartments was understated, on the return. |
| 28 | 4/27/10 | Springfield IV-07, LLC | 2010 | The cost basis of the Patton Apartments was overstated, and, consequently, the capital gain on the sale of those apartments was understated, on the return. |

(Title 26, United States Code, Section 7206(2).)

**COUNT TWENTY-NINE**

**(Attempts to Interfere with Administration
of Internal Revenue Laws)**

The Grand Jury further charges:

24.   The allegations of paragraphs 1 through 23 above are incorporated by reference as though fully set forth herein.

25.   From at least in or about April 2000, through and including the date of this Indictment, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, corruptly obstructed and impeded, and endeavored to obstruct and impede the due administration of the Internal Revenue Laws of the United States, by habitually failing to file Individual Tax Returns, filing false Individual and Partnership Tax returns, and aiding and assisting in the preparation of false Individual and Partnership tax returns.

(Title 26, United States Code, Section 7212(a) and
Title 18, United States Code, Section 2).

**COUNT THIRTY**

**(Wire Fraud)**

The Grand Jury further charges:

26.   The allegations of paragraphs 1, 7, and 9(c) above are incorporated by reference as though fully set forth herein.

27.   From in or about 2000, through and including the date of this Indictment, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, having devised or intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, namely, ZHERKA knowingly schemed to defraud the businessman of the New York State Judgment and his right to recover the same, and in furtherance of that scheme sent and caused to be sent emails between White Plains, New York and Montvale, New Jersey.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THIRTY-ONE

### (Witness Tampering)

The Grand Jury further charges:

28.   From in or about 2000 through and including the date of this Indictment, in the Southern District of New York and elsewhere, SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant:  1) knowingly used intimidation, threatened, and

corruptly persuaded another person, and attempted to do so, and engaged in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding and 2) corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so, namely, ZHERKA, with knowledge that the allegations in this Indictment were under investigation by a federal grand jury sitting in this district, that certain persons were and were likely to be witnesses before the grand jury, and that information that they provided and were likely to provide to federal agents assisting the grand jury would be conveyed to the grand jury, engaged in misleading conduct toward such persons with intent to influence their testimony before the grand jury, and otherwise corruptly obstructed, influenced, and impeded the grand jury's investigation and attempted to do so.

(Title 18, United States Code, Sections 1512(b) and (c), and 2.)

## FORFEITURE ALLEGATIONS

### (Allegations Relating to Counts One Through Seven)

29.   The allegations contained in Counts One through Seven above are incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), Title 28,

United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

30.  Notice is hereby given to SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(2)(A) in the event of the defendant's conviction under Counts One through Seven.

31.  SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, has property constituting and derived from, proceeds he obtained directly or indirectly, as the result of violations of Title 18, Section 1014, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A).

32.  The property of SELIM ZHERKA, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," the defendant, subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A), includes but is not limited to:

a)  The proceeds of the North Fork loan for the purchase of the Ridgegate Apartments, namely, $5.4 million;

b)  The profit from the sale of the Ridgegate Apartments, namely, $1.995 million;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, of at least $125 million.

   (Title 18, United States Code, Sections 981, 982(b)(1) and
     Title 21, United States Code, Section 853(p).)


_____
FOREPERSON

           _____
           PREET BHARARA
           United States Attorney